NOT FOR PUBLICATION

**FILED**

UNITED STATES COURT OF APPEALS

JUL 19 2019

MOLLY C. DWYER, CLERK
U.S. COURT OF APPEALS

FOR THE NINTH CIRCUIT

| | |
|---|---|
| KAREN MARKARIAN, | No. 18-70282 |
| Petitioner, | Agency No. A075-492-336 |
| v. | |
| WILLIAM P. BARR, Attorney General, | MEMORANDUM[*] |
| Respondent. | |

On Petition for Review of an Order of the
Board of Immigration Appeals

Submitted July 15, 2019[**]

Before:    SCHROEDER, SILVERMAN, and CLIFTON, Circuit Judges.

Karen Markarian, a native and citizen of Armenia, petitions for review of the

Board of Immigration Appeals' ("BIA") order denying his second motion to

reopen removal proceedings. We have jurisdiction under 8 U.S.C. § 1252. We

review for abuse of discretion the BIA's denial of a motion to reopen. *Cano-*

*Merida v. INS*, 311 F.3d 960, 964 (9th Cir. 2002). We deny the petition for review.

---

   [*]    This disposition is not appropriate for publication and is not precedent
except as provided by Ninth Circuit Rule 36-3.

   [**]    The panel unanimously concludes this case is suitable for decision
without oral argument. *See* Fed. R. App. P. 34(a)(2).

The BIA did not abuse its discretion in denying Markarian's motion to reopen as untimely, where it was filed over 14 years after the order of removal became final, *see* 8 C.F.R. § 1003.2(c)(2), and Markarian has not established changed country conditions in Armenia to qualify for the regulatory exception to the filing deadline, *see* 8 C.F.R. § 1003.2(c)(3)(ii); *Najmabadi v. Holder*, 597 F.3d 983, 987-90 (9th Cir. 2010) (evidence must be "qualitatively different" to warrant reopening); *Toufighi v. Mukasey*, 538 F.3d 988, 996 (9th Cir. 2008) (requiring movant to produce material evidence with motion to reopen that conditions in country of nationality had changed).

We reject as unsupported by the record Markarian's contention that the BIA abused its discretion by failing to consider all of the evidence Markarian submitted. *See Najmabadi*, 597 F.3d at 990 (agency need not write an exegesis on every contention); *Fernandez v. Gonzales*, 439 F.3d 592, 603 (9th Cir. 2006) (petitioner did not overcome the presumption that the BIA reviewed the record).

**PETITION FOR REVIEW DENIED.**

18-70282